Chief Justice Robertson,
delivered the opinion of the court.
This writ of error is prosecuted to reverse an order of the county court of Jessamine, requiring the plaintiff to give bond and security for the maintenance of a bastard child of whom the court decided that he was the father.
The counsel for the plaintiff insists that it was unconstitutional to try the case without the intervention of a jury; and that the county court erred in overruling a motion made by him for a continuance.
1st. If a statutory proceeding against the putative father of a bastard child were in the nature of a criminal prosecution-, there could be no doubt the constitution would entitle the party proceeded against to a jury. But this court decided in the case of Schooler vs. The Commonwealth,(Sel.cases 90,) that such a proceeding is not criminal, but civil, for the benefit of the mother rather than the Commonwealth,
That decision has been repeatedly recognized by this court; and it has as frequently and even more frequently been decided, virtually, that a jury is necessary or proper in a case of bastardy. It is now too late to debate the point.
2nd. But the county court erred in refusing to continue the case. The plaintiff swore, on his application for a continuance, that he could prove by ttvo witnesses that the woman who complained against him had had sexual intercourse with several persons “about the time when the child was begotten;” that one of those witnesses had left the state prior to the date of the warrant and had not returned, but would •return, as was expected, before the next term of the county court, and that thte sheriff had not served the subpoena, issued for the other witness, for want of time.
The fact thus disclosed as proveable was certainly material; and even if the reason stated for not procuring the attendance of the witness who had not left the state should be deemed unsatisfactory, the plaintiff was entitled to a-continuance, because the concur *586 rent testimony of two witnesses, in relation to such a, matter as that suggested in the affidavit, would be more effectual than the oath of one witness, however positive or credible he might be.
Hewitt, for plaintiff; Denny, for defendant.
It is true, that the affidavit also stated that the plaintiff could prove by sundry persons (most of whom were in the county, but whom he had not attempted to summons) sexual entercourse between the mother of the child and other persons than himself, (the plaintiff.) But he did not state that these last witnesses would prove that any such intercourse occurred “about the time when the child was begotten.” Of course the testimony of the witness who was then out of the state might, and probably would have been the most material and direct, and therefore, especially as the case was heard at the first term and only five days after the plaintiff was recognized, the court erred in forcing a trial.
Wherefore, the judgment of affiliation and the order requiring bond for maintenance are reversed, and the case remanded to the county court for another trial. The relator, Mary Hackney, must pay the costs in this court.